# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS LEE EDMONDS, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 6:07-CV-900006 WLS<br>28 U.S.C. § 2255<br>CASE NO. 6:02-CR-20 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

A one (1) Count Indictment was returned in this Court on December 4, 2002, charging Thomas Lee Edmonds and Tammi Clements with Possession of Methamphetamine With Intent to Distristribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(viii). Petitioner Edmonds entered a plea of not guilty and was tried by jury. Ms. Clements died prior to Edmonds' trial. The jury returned a guilty verdict on the Indictment on March 11, 2004. (R-53). The Court sentenced Petitioner to 200 months imprisonment and entered its Judgment on June 3, 2004. (R-61). Petitioner Edmonds appealed the conviction and sentence. On July 8, 2005, the United States Court of Appeals for the Eleventh Circuit affirmed the District Court. (R-71). Petitioner Edmonds sought and obtained a *writ of certiorari* from the United States Supreme Court which remanded the case to the Court of Appeals for the Eleventh Circuit for reconsideration in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, decided January 12, 2005. On September 21, 2006, the Circuit Court of Appeals issued its reconsidered decision, acknowledging that the District Court had

erred in not applying the U.S. Sentencing Guidelines as advisory according to *Booker,* but otherwise reinstating its affirmation of Petitioner's conviction and sentence. (R-75). Petitioner Edmonds timely filed the present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 on August 3, 2007. (R-76). Petitioner's § 2255 Motion is under examination together with his Memorandums in support thereof (R-80).

**Petitioner's Statement of Claims**

As **Ground One, Two** and **Three** of his petition, Edmonds alleges ineffective assistance of counsel *during pretrial*, refering to his attached Statement of Claims for "facts in support" of those claims. Likewise, Edmonds referes to his Statement of Claims for the facts supporting his **Ground Four** allegation of ineffective assistance of counsel *during trial*. In the Statement of Claims attached to his § 2255 Motion, Petitioner Edmonds, beginning at ¶ 3 of his Statement of Claims (R-76 at 10), sets out the events of his arrest. He states:

> On October 3, 2002, Mr. Edmonds was arrested outside 8041 Malone Drive, Donalsonville, Georgia, (the residence of Tammi Clements), (Mr. Edmonds' girlfriend) by Seminole County Sheriff's officials. According to the Presentence Investigation Report (PSR) at ¶ 2, on October 3, 2002, Seminole County Sheriff's officials were asked to check on the welfare of Ms. Clements because she and Mr. Edmonds were involved in a domestic dispute.

Petitioner's narrative continues that Sheriff Godby arrived at Ms. Clements' residence at 8041 Malone Drive, Donalsonville, Georgia, and "advised that he would like to talk to Ms. Clements," which he did, and after which he asked Mr. Edmonds "if there was any place

he could go." Mr. Edmonds "responded in the affirmative," and the Sheriff offered to give him a ride. Shortly after seating himself in the Sheriff's front passenger seat, two Deputies arrived and removed Mr. Edmonds from the Sheriff's car, handcuffed him, and placed him in a Deputy's car. The two Deputies then talked to Ms. Clements "for about ten minutes." (R-76 at ¶¶ 4-7). Shortly thereafter, four members of the Patuala Drug Task Force arrived, as well as Seminole County Investigator Elliott. Elliott requested permission of Edmonds to search the residence. Edmonds advised Elliott that "he cannot give him permission to search the house." Mr. Elliott joined the Sheriff and members of the Drug Task Force under the car port with Ms. Clements. (R-76 at ¶¶ 8, 9, 10). Petitioner Edmonds states that Ms. Clements' "alleged consent to the search of (her residence) 8041 Malone Drive, was not the product of free will and was not voluntarily and freely given." (R-76, ¶ 19 at 14). He alleges no factual basis for this conclusion. Subsequent to the search of Ms. Clements' residence, Edmonds was advised by Deputies Scott and Henry that he was under arrest for possession of a firearm by a convicted felon. (R76-at ¶ 12). On the following day, Edmonds was advised that he was additionally being charged with possession of methamphetamine and marijuana with intent to distribute based upon other evidence discovered in Ms. Clements' residence. Petitioner Edmonds states at that point that Officer Brown "read Mr. Edmonds his Miranda Rights, and requested Mr. Edmonds to sign a waiver, and talk to them." (R-76 at ¶ 13).

   Edmonds shows that he was indicted in this court on December 4, 2002, and taken before a United States Magistrate Judge for an arraignment and bond hearing on December

3

11, 2002. (R-76 at ¶ 14). He then states that Attorney Page A. Pate was retained to represent him. The record shows that Attorney Pate actually entered the case on April 17, 2003. (R-18). At ¶ 19 of his Statement of Claims, Edmonds claims that:

> Mr. Pate did to file a motion to suppress the evidence discovered at 8041 Malone Drive, Donaldsonville, Georgia, on October 3, 2002; the money found on Mr. Edmonds person on October 3, 2002; and the alleged statement/confession made by Mr. Edmonds on October 4, 2002, at Seminole County Sheriff's Office, Donalsonville, Georgia,
> . . ., on the grounds that Mr. Edmonds arrest on October 3, 2003, was in violation of his Fourth and Fourteenth Amendment rights to the United States Constitution.

## **Legal Conclusion**

**I.** As to Petitioner Edmonds' right to contest the search of the residence at 8041 Malone Drive, Donalsonville, Georgia, on October 3, 2002, this claim is resolved against Edmonds by *United States v. Jones,* 184 Fed. Appx. 943 (11th Cir. 2006). Relying upon *United States v. Sweeting,* 933 F.2d 962 (11th 1991), *United States v. Lehder-Rivas,* 955 F.2d 1510, 1521 (11th Cir. 1992), *United States v. Brazel,* 102 F.3d 1120, 1148 (11th Cir. 1997), and cited United States Supreme Court cases, the *Jones* court found that a defendant who denies residing at a residence to be searched and tells officers that he has no authority to consent to a search of the premises has failed to show a subjective expectation of privacy, as required for standing to contest the search, notwithstanding that fact that he did keep some personal effects there. U.S.C.A. Const. Amend 4.

Petitioner Edmonds' situation cannot be distinguished from that of Jones. Edmonds

4

also fails to establish the required standing to contest the search. *See Brazel,* 102 F.3d at 1148 (finding appellant failed to carry burden to show a legitimate expectation or privacy in a residence based upon the uncertainty as to when he lived there). At ¶ 24 of his Statement of Claims, Edmonds states that he told his counsel that "he did not live at 8041 Malone Drive, Donaldsonville, Georgia; that he resided at 1609 Vada Road, Bainbridge, Georgia." (R-76 at 20).

Therefore, without Edmonds having standing to contest the search and the seizure of the evidence obtained against him as a result of the search of Ms. Clements' residence, his attorney cannot be found ineffective. There was no legal hope of succeeding upon a Motion To Suppress the evidence produced from the search. Mr. Edmonds cannot speak for Ms. Clements, as he was not privy to her conversations with the law enforcement officers. The trial record clearly establishes that the search of the residence was made with the voluntary consent of the homeowner, Ms. Clements. (Trial Transcript, Vol. II, pp. 40-44). As she is now deceased, Edmonds will not be heard to speak otherwise for her. There is no merit in Edmonds' claim that his attorney was ineffective for failing to file a Motion To Suppress the evidence obtained from the search of Ms. Clements' residence.

**II.** Petitioner Edmonds also claims ineffective assistance of counsel alleging that Mr. Pate failed to file a proper pretrial motion to suppress "the alleged statements/confession of guilt made by Mr. Edmonds on October 4, 2002, at Seminole County Sheriff's Office." (R-80 at 2). This claim is repeated from Petitioner's original Statement of Claims and made several times throughout his pleadings. However, Petitioner has acknowledged that "Officer

5

Brown read Mr. Edmonds his Miranda Rights, and requested Mr. Edmonds to sign a waiver, and talk to them." (R-76 at ¶ 13). While Edmonds contends that he refused, on the first occasion, a request that he talk to the officers, he does not suggest how his "statement/confession" was later obtained. Moreover, he forgets that his attorney, Mr. Pate, did move the trial court on February 23, 2004, as to the voluntariness of his "statement/confession," in a Motion for a Jackson v. Denno Hearing to determine the validity of the statement/confession on February 23, 2004, and that the court denied the motion after hearing the same on March 9, 2004. The court's denial of the Jackson v. Denno rule was a finding that the statement/confession was freely and voluntarily given after Petitioner had been given his Miranda warnings. *See* Trial Transcript, Vol. I, p. 40. Petitioner's counsel made the proper motion to test Petitioner's statement of guilt in the matter and cannot be said to have been ineffective because the court ruled against him. Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984).

Petitioner Edmonds alleges that his counsel was ineffective for failing to get the Indictment against him dismissed because he was held by the Seminole County Sheriff's Office from the time of his arrest on October 3, 2002, until December 11, 2002, without having been taken before a judicial officer for a determination of probable cause to be held or bound over to a grand jury. Petitioner does not state whether he was otherwise extended state bond during that period of time. Moreover, all of the authority cited by Petitioner Edmonds relates to delays of time between federal detention and indictment, and are not

6

applicable to his contentions of ineffective assistance of counsel.

The record is clear that on December 4, 2002, a federal indictment was returned against Petitioner Edmonds, and that he was taken before a United States Magistrate Judge, on December 11, 2002, for arraignment and bond consideration. There was no unreasonable delay from the time of Petitioner's federal indictment to his arraignment. Moreover, the record does not reflect that Petitioner made any motion for preliminary hearing, but, in fact, entered a Waiver of Counsel on December 11, 2002, for his Arraignment and Bond Hearing. (R-3). Furthermore, the record reflects that Petitioner was not appointed counsel until February 21, 2002, upon his request, and that he retained counsel of his own choosing, Mr. Pate, of whom he now complains, on April 17, 2003. (R-18). Neither of Petitioner's counsel were involved in his case until after he was indicted which terminated his right to a preliminary hearing for a determination of probable cause. *See* Federal Rules of Criminal Procedure 5.1(a)(2). Under theses circumstances, Petitioner's counsel could not have been ineffective in failing to move for a preliminary hearing after the indictment was returned.

Petitioner suggests that his counsel was ineffective in failing to move to have the indictment dismissed, but he fails to state any legal ground or authority upon which the indictment might have been subject to dismissal. Without legal basis and authority to argue to the trial court, any such motion would have been frivolous. Petitioner's allegation of ineffective assistance of counsel on this basis is also without merit. Again, counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984).

Finally, Edmonds contends that his counsel was ineffective for failing to call him at trial as a witness in his own behalf. He states at ¶ 68 of his Statement of Claims that:

> Mr. Pate could have called Mr. Edmonds to testify in his own behalf at trial but did not as set forth in ¶ ¶ 24-27 herein.

Edmonds states at ¶ 25 of his Statement of Claims that "Mr. Pate advised Mr. Edmonds that he does not want him to testify considering that Ms. Clements is dead. Mr. Edmonds insisted on testifying on his own behalf at trial." (R-76 at 20). At the time of trial, when Petitioner Edmonds could have taken the witness stand in his own behalf, the trial court fully informed Edmonds directly of his legal rights in regard to testifying in his own behalf. The Trial Transcript, at Vol. II, pp. 124, - 26, contains the entire colloquy between the Court and Defendant Edmonds, wherein the Court explained Edmonds right to testify if he wanted to do so, asking him whether or not he wished to testify, and Edmonds repeatedly responsed that he understood his rights, but elected not to testify.

Petitioner Edmonds states that he intentionally did not reveal to the Court that his counsel had advised him against testifying, and, except for that advice, he would elect to testify. Edmonds cannot mislead the court on the one hand and try to take advantage of his false statement later in a claim of ineffective assistance of counsel. The Court gave Edmonds every opportunity to which he was entitled to testify in his own behalf, and Edmonds elected not to testify.

## **Conclusions of Law**

The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386 (1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694..... When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices ... that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one.

Despite his lengthy and very repetitious Petition and Memorandums, Petitioner Edmonds has failed to plead any legal or factual circumstance under which his counsel could actually be found to be ineffective. Edmonds fails to plead action or inaction by his counsel which could be determined ineffective assistance of counsel and moreover, even if the court takes all that Edmonds claims as true and established, it does not establish that the outcome of his trial would have been different.

9

To prevail on an ineffective assistance of counsel claim, a defendant would have to show that his trial attorney's performance fell below an objective standard of reasonableness and that these unprofessional errors prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). To show prejudice, the § 2255 petitioner must "show that there is a reasonable probably that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strictland*, 466 U.S. at 694, 104 S. Ct. at 2068.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Edmonds' Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED, because he has legally failed in his claims of ineffective assistance of counsel. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 4th day of January 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE