**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**THOMASVILLE DIVISION**

| | | |
|---|---|---|
| THOMAS LEE EDMONDS, | : | |
| | : | |
| Petitioner, | : | |
| | : | Case No. 6:07-cv-90006 (WLS) |
| v. | : | Case No. 6:02-cr-20 (WLS) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth, filed January 4, 2008. (Doc. 81). It is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (hereinafter "§ 2255 Motion"), filed pursuant to 28 U.S.C. § 2255 on August 3, 2007 (*see* Doc. 76), be dismissed for Petitioner's failure to state legally sufficient ineffective assistance of counsel claims. (Doc. 81 at 2-3). For the reasons set forth below, the Court finds that said Report and Recommendation (Doc. 81) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.

**PROCEDURAL BACKGROUND**

On December 4, 2002, Petitioner was indicted for Possession with Intent to Distribute fifty grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (Doc. 1). A jury found Petitioner guilty of said charge on March 11, 2004 (Doc. 53), and Petitioner was sentenced to 200 months imprisonment on May 27, 2004 (Doc. 61). Petitioner appealed the conviction and sentence to the U.S. Court of Appeals for the Eleventh Circuit, which affirmed Petitioner's conviction and sentence. (Doc.

1

71). Petitioner then sought and obtained a writ of certiorari from the U.S. Supreme Court, which remanded the case to the Eleventh Circuit for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005). (Doc. 72).

On September 21, 2006, the Eleventh Circuit issued its reconsideration, which reinstated its affirmation of Petitioner's conviction and sentence, despite its acknowledgement of this Court's erroneous failure to consider the U.S. Sentencing Guidelines as advisory pursuant to Booker. (Doc. 75). Petitioner thereafter filed the instant § 2255 Motion on August 3, 2007. (Doc. 76). On January 4, 2008, Judge Faircloth issued the instant Report and Recommendation, which recommends the denial of Petitioner's § 2255 Motion. (Doc. 81). The Recommendation provided the Parties with ten (10) days[1] from the date of its service to file written objections to the recommendations therein. (*Id.*). Petitioner filed an objection to the Recommendation on January 25, 2008[2] (Doc. 82), to which Respondent responded on February 8, 2008 (Doc. 83). The Court finds that briefing on Petitioner's § 2255 Motion is now complete and that his § 2255 Motion is therefore ripe for ruling by the Court.

## **DISCUSSION**

Petitioner alleges four grounds in his § 2255 Motion. Grounds One, Two, and Three claim ineffective assistance of counsel during pre-trial based on Petitioner's counsel's failure to move to (1) suppress evidence discovered at Petitioner's girlfriend's home at the time of Petitioner's arrest, (2) suppress a statement/confession made by Petitioner at the Seminole County Sheriff's Office the day after his arrest; and (3) dismiss the indictment filed against

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).
[2] Petitioner states that he did not receive the Report and Recommendation until January 10, 2008, which would provide him until January 24, 2008, to file his objections. Although his objections were not filed until January 25, 2008, the Court still considers them timely in light of the minor one-day delay in meeting the January 25, 2008 deadline and Respondent's failure to raise the timeliness of Petitioner's objection as an issue in its Response.

2

Petitioner. (Doc. 76 at 4-8). Ground Four alleges ineffective assistance of counsel during trial for failure to call Petitioner to the witness stand. (*Id.* at 8-9). The Court now addresses each of these grounds in the context of Judge Faircloth's Recommendation.

**I. <u>Ground One</u>**

As to Ground One, Judge Faircloth finds that Petitioner lacks standing to contest the search of his girlfriend's residence, where law enforcement discovered the methamphetamine with which he was charged of possessing, because he did not reside at the residence and therefore had no subjective expectation of privacy there. (Doc. 81 at 4-5). Judge Faircloth thereby reasons that Petitioner cannot fault his counsel for failing to file a motion to suppress because such a motion would have lacked legal merit in view of Petitioner's lack of standing. (*Id.* at 5).

In his objection to Judge Faircloth's Report and Recommendation, Petitioner states that Judge Faircloth overlooks the cases cited in Petitioner's Memorandum in Support of his § 2255 Motion, for had Judge Faircloth considered them, he would have recommended an evidentiary hearing on the issues raised by Ground One of his § 2255 Motion. (Doc. 82 at 1-2 (analogizing current case to <u>United States v. Martinez</u>, 486 F.3d 855, 864 (5th Cir. 2007))). Accordingly, Petitioner requests the Court to remand the case to Judge Faircloth for an evidentiary hearing, to which he claims he is entitled to further develop the Ground One claims. (*Id.* at 6, 7, 8).

In contrast, Respondent asserts that the facts which Petitioner sets forth in support of Ground One cannot "serve as a basis for ineffective assistance of counsel [because] . . . . Petitioner fails to show what evidence could have been suppressed or by what means a motion to suppress could have succeeded." (Doc. 83 at 3). For example, Respondent questions whether Petitioner had standing to contest the search of his girlfriend's home, and even if he did, Respondent contends that the girlfriend's consent was nevertheless voluntary given. (*Id.* at 3).

3

According to Respondent, Petitioner's counsel, therefore, had no justification to challenge the search of Petitioner's girlfriend's home through a motion to suppress. (*Id.* at 3).

The Court finds that the cases and authority Petitioner cites with regard to Ground One of his § 2255 Motion are inappropriate in the current case. For example, in Martinez, the Court deemed unreasonable the search of the defendant's girlfriend's home because the consent that the girlfriend provided to search her home proximately followed the defendant's arrest, which the girlfriend witnessed; therefore, the court found her consent was coerced and not lawfully obtained by law enforcement. *See* 486 F.3d at 865. In other words, the search of the residence was the tainted fruit of the involuntarily given consent. *See* id. Here, however, Petitioner has presented no evidence to support a finding that the girlfriend's consent was coerced in any way. The Court also notes that Martinez is a Fifth Circuit case that does not impose binding precedent on this Court. Furthermore, Petitioner ignores the standing issue that Judge Faircloth discussed as reason to deny Ground One. With no subjective expectation of privacy in his girlfriend's home, Petitioner cannot assert his counsel's failure to raise the Fourth Amendment and the exclusionary remedy as a basis for the ineffective assistance of counsel claims in Ground One of his § 2255 Motion.

## II. **Ground Two**

For two reasons, Judge Faircloth next recommends the denial of Ground Two, Petitioner's claim of ineffective assistance of counsel for failure to move to suppress Petitioner's statement/confession. First, Judge Faircloth explains that this Court has already ruled, as a result of Petitioner's counsel's filing a motion for a Jackson v. Denno hearing, that Petitioner had freely and voluntarily made the subject statement/confession after Petitioner was provided his Miranda warnings. (Doc. 81 at 6). Second, Petitioner does not provide a detailed explanation of

4

the manner in which law enforcement obtained his statement/confession so as to determine whether it was otherwise involuntarily elicited. (*Id.* at 6).

Petitioner argues in his objection that because his counsel did not present the arguments Petitioner now presents in his § 2255 Motion at the Jackson v. Denno hearing, issues still remain as to the voluntariness of Petitioner's statement/confession. (Doc. 82 at 3). Petitioner contends that his counsel was ineffective for failing to raise these additional arguments at the hearing. (*See id.*). In response, Respondent echoes Judge Faircloth's finding by arguing that because Petitioner's counsel filed the motion for a Jackson v. Denno hearing, Petitioner's counsel satisfied his duty to move the Court to evaluate the voluntariness of Petitioner's statement/confession and therefore had no reason to file a motion to suppress. (Doc. 83 at 4). The Court agrees with Judge Faircloth's findings and with Respondent, as this Court previously found that Petitioner's statement/confession was voluntary pursuant to the Jackson v. Denno hearing; and the fact that it did so after hearing and ruling on arguments presented by Petitioner that may be different from those Petitioner now asserts is inconsequential.

**III. Ground Three**

Judge Faircloth also finds unpersuasive the claims Petitioner alleges in support of Ground Three, which Petitioner bases on his counsel's failure to move the Court to dismiss the indictment filed against him for failure to timely present Petitioner before a judicial officer for a determination of probable cause (i.e., a Gerstein hearing). (*See* Doc. 81 at 6). Judge Faircloth notes that none of the authority cited by Petitioner, which concerns delays of time between federal detention and indictment and not between detention and arraignment, is applicable to his contention of ineffective assistance of counsel for failure to dismiss the indictment. (*Id.* at 6-7). Judge Faircloth explains that Petitioner did not obtain counsel until several months after he was indicted and retained, at which point Petitioner's right to a preliminary hearing for a

5

determination of probable cause was terminated. (*Id.* at 7 (citing Fed. R. Crim. P. 5.1(a)(2))). Judge Faircloth further notes that Petitioner waived his right to counsel at the arraignment and bond hearing, so Petitioner was not represented by any counsel who could have moved to dismiss the indictment for the reason Petitioner cites in Ground Three. (*Id.* (citing Doc. 3)). According to Judge Faircloth, therefore, Petitioner's counsel could not have been ineffective for failing to move to dismiss the indictment on the non-meritorious grounds asserted by Petitioner in his § 2555 Motion. (*Id.*).

Petitioner, however, maintains that law enforcement's and the Government's violation of the Gerstein hearing requirement warranted his release from custody. (Doc. 82 at 4). In response, Respondent argues that the state's case against Petitioner formed the basis for the finding of probable cause and therefore was superseded by the federal indictment filed against Petitioner. (Doc. 83 at 4). Accordingly, Respondent asserts that Petitioner's counsel would not have been successful in pursuing the dismissal of the indictment against Petitioner, so Petitioner cannot claim ineffective assistance of counsel on this ground. (*Id.*).

The Court holds that Petitioner's objection to Judge Faircloth's findings as to Ground Three of Petitioner's § 2255 Motion misses the mark for the reasons stated in the Recommendation. Petitioner cannot fault his counsel for events that occurred prior to his counsel's appointment to or retention by Petitioner; thus, Petitioner cannot claim that his counsel was ineffective for not moving to dismiss the indictment, due to the absence of a probable cause determination, at a time when counsel was not yet representing Petitioner. Moreover, once Petitioner was indicted, the Gertein probable cause hearing was no longer necessary, as a grand jury had determined probable cause existed to prosecute and therefore, detain Petitioner. Lastly, Petitioner does not establish, as Judge Faircloth recognizes, how counsel's failure to move to

dismiss the indictment for the reasons Petitioner cites in his § 2255 Motion equates ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).

**IV. <u>Ground Four</u>**

Lastly, Judge Faircloth similarly recommends the denial of Ground Four of Petitioner's § 2255 Motion, which alleges ineffective assistance of counsel for failure to call Petitioner as a witness at trial. Judge Faircloth bases this recommendation on the colloquy between the Court and Petitioner during Petitioner's trial, which indicates that the Court fully informed Petitioner of his right to testify and that Petitioner declined that opportunity. (Doc. 81 at 8). In his Objection, Petitioner argues that Judge Faircloth "overlooked the gist of [Petitioner]'s claim [with respect to Ground Four] that [his counsel] threatened to withdraw from representing [Petitioner] if [Petitioner] insisted on . . . [testifying] at trial." (Doc. 82 at 5). Specifically, had Judge Faircloth considered this fact, as well as the fact that Petitioner's counsel allegedly failed to advise Petitioner that he had the ultimate authority to decide whether to testify and warned Petitioner not to inform the Court that his counsel threatened to withdraw if Petitioner chose to testify, Petitioner contends that Judge Faircloth would have recommended granting Petitioner relief under his § 2255 Motion. (*See id.*).

In response, Respondent, however, maintains that Petitioner's counsel cannot be faulted for failing to call Petitioner to the stand, as the "lengthy colloquy . . . [between] the Court . . . and Petitioner [at trial indicates that Petitioner] was informed about his right to testify and the inferences which could not be drawn if he failed to do so[, and Petitioner] stated that he understood his rights . . . and . . . repeatedly elected not to testify." (Doc. 81 at 5). Therefore, Respondent contends that Petitioner's claim that his counsel was ineffective for failing to call Defendant to the stand was incorrect. (*Id.*).

The Court agrees with the Recommendation's findings and thus, with Respondent's position. The Court fully informed Petitioner of his right to testify and that this right rested with him only and not his counsel. The fact that Petitioner's counsel allegedly failed to inform Petitioner of this right or threatened to withdraw from Petitioner's case if Petitioner exercised that right does not change the reality that Petitioner was fully aware of the right and that he knowingly chose not to exercise it. Thus, even if Petitioner's counsel actually failed to inform Petitioner of his constitutional right to testify and prevented him from doing so—facts that, if proved, would satisfy the deficiency ground of an ineffective assistance of counsel claim—Petitioner has not established a reasonable probability that the outcome of his trial would have been different if his counsel had informed him of his right to testify and permitted him to do so. He only contends that he would have testified on his own behalf as to his version of the facts surrounding his arrest, but he does not explain how and much less, whether this would have produced a different jury verdict in his favor.

In light of foregoing analysis, and relying on Judge Faircloth's Recommendation, this Court finds that Petitioner has failed to meet the two-prong Strickland v. Washington test to establish the ineffective assistance of counsel claims under Grounds One, Two, Three, and Four of his § 2255 Motion. Therefore, the Court also denies Petitioner's request for an evidentiary hearing on the claims presented in Grounds One through Four. *See* Hester v. United States, 335 F. App'x 949, 953 (11th Cir. 2009) ("When confronted with a § 2255 motion, a district court must grant an evidentiary hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" (citing 28 U.S.C. § 2255(b))). For the above-stated reasons, Petitioner's objections (Doc. 82) to Judge Faircloth's findings and recommendations as to Grounds One through Four are **OVERRULED**. The Court therefore finds that said Report and Recommendation (Doc. 81) should be, and hereby is, **ACCEPTED,**

**ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein, and Petitioner's § 2255 Motion (Doc. 76 ) is **DENIED.**

### **CONCLUSION**

For these reasons, the objections set forth in Petitioner's Objection (Doc. 82) are **OVERRULED** and United States Magistrate Judge Faircloth's January 4, 2008 Report and Recommendation (Doc. 81) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 76), filed pursuant to 28 U.S.C. § 2255, is **DENIED**.

**SO ORDERED**, this  22nd   day of February 2011.

                                                 /s/ W. Louis Sands
                                                 **THE HONORABLE W. LOUIS SANDS,**
                                                 **UNITED STATES DISTRICT COURT**